IN THE MATTER OF THE PETITION OF JOHN P. DEPUTY TO HAVE A NEW DEED MADE BY THE PRESENT SHERIFF TO THE PARTY HOLDING THE TITLE UNDER THE GRANTEE.

1. Under the Statute, Section 29, Chapter 111, Revised Code, the Sheriff was ordered to make a new deed to certain property in Christiana Hundred, because in the old deed, made under a *Levari Facias* in 1859 by the then Sheriff, the words "heirs and assigns" did not appear. *Held*, that such former deed, not being made in pursuance of the writ and sale, was not in pursuance of the statute nor in pursuance of authority.

2. The new deed made by the present Sheriff gives the party no additional rights, but simply whatever he was entitled to at the time of the sale.

3. In the event of the order of the Court being improvidently made, and if the petitioners should not be entitled to the good and sufficient deed prayed for; under Section 30th, Chapter 111, Revised Code, the party receiving said deed holds the property in trust for the one who is entitled.

(*November 30, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Edwin R. Cochran, Jr.*, and *George Lodge* for petitioner.
*Philip Q. Churchman* for the Sheriff.

Superior Court, New Castle County, November Term, 1897.

RULE to show cause why the present sheriff should not be required to make a new deed, to the party holding the title under the grantee, to certain lands in Christiana Hundred. Deputy's petition filed was in part as follows:

"The petition of John P. Deputy respectfully represents:

"That one William Lovell by virtue of sundry deeds and conveyances, became duly seized in fee simple of and in all that lot or piece of a certain plantation or tract of land, situate, lying and being in the Hundred of Christiana, County and State aforesaid, bounded and described as follows, to wit:"

(Here follow description of said land and sundry sheriff's sales and conveyances down to Thomas Woodward. The petition then continues as follows:)

"That the said Thomas Woodward paid as consideration for the property so sold to him as aforesaid, the sum of twenty-two hundred dollars.

"That the said sheriff is now dead, and that he did not while alive make a deed pursuant to the aforesaid sale.

"That the said Thomas Woodward is now dead having died about the year A. D. 1864.

"That the said petitioner by reason of the defect or ommission as aforesaid of the words 'his heirs and assigns' in the said sheriff's deed, believes his title to his part of the above described land to be defective, and thereupon prays this Honorable Court for an order authorizing and requiring the present sheriff of New Castle County aforesaid, to execute and acknowledge a deed conveying to the petitioner his just proportion of the above described premises, which proportion is the lot or piece of land hereinafter above described as the property of your petitioner, the said John P. Deputy."

*Mr. Churchman* made no argument in opposition to granting the petition, inasmuch as the sheriff would be protected by the order of the Court.

*Mr. Lodge*, for the petitioner:

The facts stated in the petition of John P. Deputy show that a mortgage, having been duly executed by the owners of the fee and given to secure a debt, was afterward duly foreclosed, and the sale confirmed. Every step in the process of foreclosure was duly and legally taken, and every proceeding was regular and ordinary, until we reach the deed by the sheriff to the purchaser. This deed; on its face, conveys but a life estate to the grantee therein.

ARGUMENT.

The first question that presents itself is this: Could the sheriff, on process of foreclosure, sell or convey to the purchaser under foreclosure proceedings, any estate other or different from the estate for which the property was mortgaged? In my judgment, clearly, he could not.

In the foreclosure of a mortgage, under our statutes, the first step is to sue out a writ of *scire facias*, in order to bring the mortgagor or his legal representatives, into court to show cause, if any, why the said mortaged premises ought not to be taken in execution.

*Revised Code 1893, Chap. 111, Sec. 55.*

After judgment obtained, the plaintiff may then, under a *levari facias* take the mortgaged premises in execution, and sell the same, and convey them by deed to the purchaser.

*Revised Code 1893, Chap. 111, Sec. 58.*

The purchaser shall hold the said land for such estate or estates as they were sold or delivered for; discharged from all equity of redemption, and all other incumbrances made and suffered by the mortgagor, or his legal representatives; and such sale shall not create any further term, or estate to the purchaser than the said lands and tenements were mortgaged for.

*Revised Code 1893, Chap. 111, Sec. 59.*

A fee simple having passed from the grantors in the mortgage, to the grantees, the sheriff, being a ministerial officer can sell only the estate so granted, and he merely is the conduit through which the title passes; he cannot create, increase or diminish the quantity of the estate that he conveys.

The execution of the sheriff's deed is but the exercise of a bare power disconnected with any estate in the land itself.

*Murfree on Sheriffs, Sec. 712.*

The sheriff, as a ministerial officer, can make no terms except those prescribed by law, and the law is that the sheriff sells, and the purchaser buys the debtor's title, whatever that may be.

*Murfree on Sheriffs, Sec. 991.*

Upon confirmation of the sale, the purchaser is entitled to a deed, good and sufficient, for the premises so sold.

*Revised Code 1893, Chap. 111, Sec. 26.*

The grantee in any deed under execution process shall hold the premises therein conveyed, with all their appurtenances, as fully and amply and for such estate and estates, and under such rents and services as he or they for whose debt or duty the same shall be sold, might or could do, at or before the taking thereof in execution.

*Revised Code 1893, Chap. 111, Sec. 27.*

The point being established that a fee simple title having been conveyed to secure the debt, and, on foreclosure of the mortgage, only a life estate conveyed by the sheriff, instead of a fee simple, the question that arises is: What remedy, if any, has the purchaser? The remedy is, clearly, that this Court may order and direct the present sheriff to make a deed to the petitioner for the land he now holds. For, under the facts as set forth in this petition, the purchaser is entitled to an order of the Court directing the present sheriff to make a deed pursuant to the sale originally made. No deed was made by the sheriff who sold the property pursuant to the sale. He made a deed for a life estate when he should have made a deed for a fee simple. Such deed for a life estate was not pursuant to the sale under the foreclosure proceeding. This Court may then properly order a deed to be made from the present sheriff to this petitioner.

*Revised Code 1893, Chap. 111, Sec. 29.*

And a sale made by the present sheriff, under order of the Court, will convey to the petitioner a fee simple title.

*Revised Code 1893, Chap. 111, Sec. 30.*

LORE, C. J:—In the matter of the petition of John P. Deputy alleging that in 1859 the then sheriff made a deed under a *levari facias*, but that he omitted the words "heirs and assigns," the rule is upon the present sheriff to make a deed in pursuance of the statute.

*Revised Code, 837.*

The Court have fully considered the matter, and we are in entire accord that the prayer of the petitioner ought to be granted.

This is a remedial statute, and the application seems to come within the scope of the remedy of the statute. We therefore grant the petition, and the order is made upon the sheriff to

make the deed in pursuance of the writ and the sale. Not having made the deed in pursuance thereof, it was, in fact, not in pursuance of the statute and not in pursuance of authority. We think there is ample authority for it and make the order.

This deed gives the party no additional rights. It simply gives him whatever the party was entitled to at the time of the sale.

SPRUANCE, J :—We have given to this case very careful consideration, as it presents several novel features.

We know of no case in which such an application has been made after the lapse of so long a time. It is now about thirty-eight years since the defective deed of the sheriff was made. We do not think, however, that this lapse of time warrants the refusal of the order, as there is no statutory limitation of time within which the court may exercise the power given by *Section 29, Revised Code, 837.*

All of the proceedings under which the land was sold, down to the deed of the sheriff, were regular. The estate mortgaged and the estate sold by the sheriff was a fee simple. The sheriff's deed conveyed a life estate only. This deed was therefore not such as Section 26 of the act required him to make, viz : "a good and sufficient deed for the premises so sold."

By the provisions of Section 27 of the act, the grantee of the sheriff was entitled to hold the premises for such estate as he for whose debt the same were sold held the same, but this deed conveyed a less estate.

Section 29 of the act authorizes the court to require the sheriff in office to make a deed where the officer making the sale is out of office and the purchase money is paid, "without a deed being made pursuant to such sale." This case comes within these provisions. A deed was made, but it was not "pursuant to such sale."·

We make this order the more readily because of the provisions of Section 30 of the act, which save all persons interested from any injury in case the order is made improvidently.

The sheriff executing the order incurs no risk, as he is merely the instrument of the court.

The grantee in the deed made under the order of the court takes only the title which can or ought to be passed, and if he is not the person entitled, or if a greater estate be conveyed than he is entitled to, he is at most but the trustee of the person entitled.