STEPHEN K. BETTS *vs.* ALLEN W. DICK.

*Record of Deeds—Ejectment—Lease—Construction—*
*Taxation—Sale.*

1. The record of a lease by a corporation is inadmissible in evidence if the seal of the corporation does not appear thereon.

2. In ejectment the deed under which plaintiff claims may be admitted, although it was recorded pending suit.

3. Where plaintiff's chain of title in ejectment depended on a lease which provided that the lessee should not dispose of the premises without the written consent of the lessor, the failure to show such consent is not cause for non suit, since an assignment contrary to said provision would not be void, but only voidable, at the lessor's option.

4. Under 17 Delaware Laws, ch. 46, Sec. 3, providing that, if a tax sale "be approved (by the court to which it is returnable), the president shall make a deed to the purchaser, which shall convey the title of the taxable," the legal title remains in the tax debtor until a deed is executed.

(*April 15, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*C. M. Cullen* and *C. W. Cullen* for plaintiff.

*John M. Richardson* and *R. C. White* for defendant.

Superior Court, Sussex County, April Term, 1898.

ACTION OF EJECTMENT (310 April T. 1897), to recover possession of a certain lot of land 50 x 100 feet situate on Rehoboth Avenue in the town of Rehoboth, indicated on the plot as "lot No. 25."

PLAINTIFF'S BRIEF OF TITLE.

June 1, 1873, Deed by Lorenzo D. Martin to Robert W. Todd ; May 12, 1873, Deed of Robert W. Todd to "Rehoboth Beach Camp Meeting Association of the M. E. Church ;" June 15, 1874, Lease for 99 years by Rehoboth Beach Camp Meeting Association of the M. E. Church to John E. Betts ; March 13, 1897, assignment of lease by John E. Betts and wife to Stephen

K. Betts, the plaintiff ; Nov. 1873, plot of Rehoboth Beach Camp Meeting Association.

The plaintiff offered in evidence the act of incorporation of Rehoboth Beach Camp Meeting Association, Vol. 14, p. 260 Laws of Delaware ; and Supplements thereto, Vol. 15, Laws of Delaware, 410, Vol. 16, Laws of Delaware, 37 and 366, Vol. 17, Laws of Delaware, 77 ; act revoking Charter of the Rehoboth Beach Camp Meeting Association of the M. E. Church and creating the Rehoboth Beach Association, Vol. 19, Laws of Delaware, 448, and Supplements thereto, Vol. 19, Laws of Delaware, 1109, Vol. 20, Laws of Delaware, 177 and 658.

*Mr. White*, for defendant, objected to the admission in evidence of the record of the lease of John E. Betts from the Rehoboth Beach Camp Meeting Association etc., on the ground that the seal of the corporation did not appear thereon. Sec. 14, Chap. 83, Rev. Code, 628. Plaintiff's counsel contended that as the original paper had the corporate seal affixed, it was not necessary that the record should contain the same.

LORE, C. J :—The original paper is not before us. We cannot admit the record as it now stands.

Counsel for plaintiff then offered the said record in evidence with the seal recorded. Defendant's counsel again objected to its admission, on the ground that the plaintiff claimed title to the land at the time the suit was docketed, and the record had not been completed until the day of trial.

LORE, C. J :—The plaintiff's title does not depend upon the record, but upon the original deed or lease. If the latter was good at the time, placing it upon the record now—either that part or the whole of it—would be proper. The objection to the record as now corrected therefore falls.

Defendant's counsel moved for a non-suit, on the ground that in an action of ejectment the plaintiff must show a complete title. He had presented as one of the links in the chain of title a lease containing the following provisions : "And also that the

said party of the second part, shall not, nor will at any time during the said term, give, demise, let, assign, set over, or in any manner dispose of the hereby demised premises, or any part thereof for all or any part of the term hereby granted, to any person or persons whatever, without the consent and approbation, in writing, of the said party of the first part, their successors or assigns , first had and obtained for that purpose.'' The plaintiff had failed to show that the grantor ever complied with the above condition, to wit, that he obtained the written consent of the lessor to dispose of the said property.

LORE, C. J :—The non-suit is refused.

### DEFENDANT'S PRAYERS.

1.  That the confirmation of a sale of land for the payment of taxes, while it gives to the purchaser but an equitable title, yet it divests the original owner of such legal title as is necessary to maintain ejectment unless or until redeemed by him under the act of Assembly.

2.  That the title of the plaintiff is defective in that he has failed to prove the consent in writing of the Rehoboth Beach Association to the assignment of the lease by J. E. Betts to the plaintiff

LORE, C. J., charging the jury:

Gentlemen of the jury :—In this suit, the plaintiff, Stephen K. Betts, seeks to establish his title to a lot of land 50x100 feet in size, situate on Rehoboth Avenue, in Rehoboth in this County.

Both the plaintiff and the defendant concede, that the title to the lot was properly, so far as this suit is concerned, in one John E. Betts, by an indenture of lease from the Rehoboth Beach Camp Meeting Association of the Methodist Episcopal Church, a corporation of this State, to the said John E. Betts, dated June 15, 1874, for a term of ninety-nine years from that date.

CHARGE OF COURT.

That lease contained, among others, the following stipulation : "And also the said party of the second part " (John E. Betts), " shall not, nor will at any time during the said term, give, demise, let, assign, set over, or in any manner dispose of the hereby demised premises, or any part thereof, for all or any part of the term hereby granted, to any person or persons whatever, without the consent and approbation in writing, of the said party of the first part " (the said corporation), "their successors or assigns, first had and obtained for that purpose."

By indenture dated March 13, 1897, John E. Betts assigned all his interest under the said lease to Stephen K. Betts, the plaintiff in this action. Upon this deed of assignment the plaintiff rests his title.

The defendant claims that the plaintiff should not recover, because he has failed to prove the written assent of the Rehoboth Beach Camp Meeting Association of the M. E. Church, to the assignment of the lease by the said John E. Betts to the plaintiff, Stephen K. Betts, which it is alleged must have been had in order to make the assignment valid. The Court is asked to so charge you.

*In Webster vs. Nichols, 104 Ill., 160*, it is held ; " An assignment of a lease by a lessee contrary to stipulations is voidable only, not void. A clause in a lease that the same shall not be assigned without the written assent of the lessor, is for the benefit of the lessor only. It does not render the assignment when otherwise made, absolutely void, but voidable only at the option of the lessor or his representative."

*In Roberts vs. Davey, 4 B. & A., 664*, it was held, that the lease remained in force until the lessor, or some one in privity with him, did some decided act indicating his intention to determine the lease. This seems to be the uniform current of authority and well settled law. It is fatal to the defendant's contention.

The Court therefore say to you, that the assignment of the lease-hold estate by John E. Betts to Stephen K. Betts, the plaintiff, was voidable only.

It is further contended by the defendant, however, that the plaintiff cannot recover, because he alleges that the title of John E. Betts in the said lot, was divested by the confirmation by this Court, October 14, 1885, of a sale of the said lot made July 15, 1885, by E. S. R. Butler, Treasurer of the said Association, for unpaid taxes due on the lot, from the said John E. Betts. That his title being so divested by such confirmation in 1885, he necessarily had no title on the thirteenth day of March 1897, the date of his assignment to the plaintiff, and that the title is so divested, notwithstanding no deed was ever made in pursuance of said sale.

The provisions of the act of incorporation of the said Association in force at the time of the said tax sale and return and confirmation by the Court, as contained in Sec. 3, Chap. 46, Vol. 17 Laws of Delaware, are as follows : "That said treasurer shall, in case of the sale of any lands and tenements made by him for the collection of any assessment or tax, make return of such sale to the next term of the Superior Court at Georgetown, and said Court, may inquire into the circumstances, and either approve or set it aside. If it be approved, the President shall make a deed to the purchaser, which shall convey the title of the taxable."

You will note that upon the approval of the sale the act expressly provides, "The president shall make a deed to the purchaser, which shall convey the title of the taxable :" the taxable in this case on the face of the proceedings being John E. Betts. The statute therefore recognizes the title to be in Betts until the deed is made. We are at loss to conceive how the confirmation of the sale by the Court could divest the title of the taxable John E. Betts, when the act itself in effect says that the title shall be divested by the deed. We are clearly of opinion that the legal title remained in John E. Betts until a deed was made in pursuance of the terms of the statute relating to tax sales ; and as it is admitted that no such deed has been made, his title was not divested.

In the ejectment case of *Crawford's Lessee vs. Green*, *1 Harr.*, *465*, in ruling upon a Sheriff's sale, a proceeding analogous

to this, the Court said, The legal title is not in the purchaser until a deed is executed. In this State a deed has always been considered necessary to perfect the title by execution and enable the purchaser to bring ejectment. The general rule is "Until the expiration of the time for redemption, and the execution and delivery of the deed, the title to the lands sold remains with the tax debtor." *25 A. & E. Ency Law, 716.* Our conclusion therefore is that upon both of the above questions of law raised and urged by the defendant in this case the plaintiff is entitled to recover.

Verdict for plaintiff.