JONATHAN P. CILLEY *vs.* LIMEROCK RAILROAD COMPANY.

Knox.    Opinion September 24, 1910.

*Pleading. Amendment. New Cause of Action.*

In an action of trespass quare clausum, when the plaintiff's close is described in the declaration as "beginning at the westerly corner of land owned" by H. F. thence proceeding by courses and distances around a tract of land "to the bounds first mentioned," and no monuments are mentioned except the starting point, an amendment substituting the "southerly corner" of land of H. F. for the "westerly corner," as the point of beginning, is not allowable. The description as amended would include land not included in the original declaration, and such an amendment would introduce a new cause of action.

On exceptions by defendant. Sustained.

Action of trespass quare clausum alleging damages in the sum of $1000. Plea, the general issue. On motion therefor, the plaintiff was permitted to amend his declaration by substituting the word "southerly" for the word "westerly" in the beginning of the description of the plaintiff's close, and the defendant excepted.

The case is stated in the opinion.

*Cilley & Burpee,* for plaintiff.

*Arthur S. Littlefield,* for defendant.

SITTING: EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, JJ.

SAVAGE, J. This is an action of trespass quare clausum. In the original declaration the plaintiff's close was described as "beginning at the westerly corner of a piece of limerock quarry owned by Harris Farrand or by Harris Farrand and another person unknown," thence proceeding by courses and distances around a tract of land "to the bounds first mentioned." No monument is mentioned except the starting point, that is, "the westerly corner" of the Farrand quarry. Against the objection of the defendant the plaintiff was permitted to amend his declaration by substituting the word "southerly" for the word "westerly," in the beginning of the

description, so that the declaration as amended describes a parcel "beginning at the southerly corner" of the quarry of Farrand, thence proceeding by the same courses and distances as before "to the bounds first mentioned." To the allowance of the amendment the defendant excepted, and the case is now before us on its exceptions.

If the declaration as amended described another close than the one described in the original declaration, or if it enlarged the close, or included land not included in the original, the amendment introduced a new cause of action and was not permissible. *Robinson* v. *Miller*, 37 Maine, 312; *Wyman* v. *Kilgore*, 47 Maine, 184. It is otherwise if the amendment merely gave a more particular description of the locus originally described.

Whether the new declaration describes the same land as the old is to be ascertained by applying the description to the face of the earth. And in case of an ambiguous or doubtful call, it would be permissible at the hearing upon the motion to amend to show by extraneous evidence where the respective boundary lines would fall. In this case, upon the face of the declaration itself it is evident that a parcel bounded by a line beginning at the "westerly" corner of a designated tract and thence proceeding by courses and distances alone around "to the point of beginning," is not the same parcel as one described as beginning at the southerly corner of the same tract, and proceeding by identically the same courses and distances around "to the point of beginning." The boundary lines are not coterminous at any point. The latter description must include land not included in the former.

But in the matter of identifying descriptions in deeds, the words "southerly" and "westerly" are not always used to indicate a direction that is due south or due west. A corner may be called a westerly corner when it lies between west and south, or west and north. And so of a so called southerly corner, it might be between south and west or between south and east. And if a corner were due southwest from the center of the tract, it might not be fatal to designate it either as a westerly corner or as a southerly corner. The corner intended might be made certain, for instance, by monu-

ments named by the other calls in the deed. This case, however, does not involve considerations such as these. There is no monument mentioned except the starting point. The other calls do not aid. They state only courses and distances.

A plan is made a part of the bill of exceptions. But this plan does not aid the plaintiff. The plan shows the lot described in the amended declaration, which the bill states is the lot upon which the alleged acts of trespass were committed. The plan also shows other lots contiguous, or in the vicinity. It shows two lots owned by "H. Farrand" and others. But we assume, as the plaintiff claims, that the Farrand lot intended in the declaration is the more easterly one of the two. The situation is shown approximately by the following sketch.

One corner of the Farrand lot is almost a true westerly corner, and another is almost a true southerly corner. There is no ambiguity or uncertainty about it. The term westerly is properly applicable to only one of the corners, and the term southerly to another. A lot laid out according to the given courses and distances and beginning at the westerly corner of the Farrand lot will include a part of the territory described in the amended declaration, but not

the whole of it.   The amendment therefore enlarged the close, and introduced a new cause of action, so far as it related to land not included in the original description.   Such an amendment is not allowable.

*Exceptions sustained.*