JOSEPH PELLETIER *vs.* JOSEPH A. LANGLOIS ET AL.

Aroostook.       Opinion December 17, 1931.

*Ryder and Simpson,*
*H. C. McManus,* for plaintiff.
*F. A. Walsh,*
*A. S. Crawford, Jr.,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J. On exceptions. Real action. Plea *nul disseizin* as to seven-ninths undivided interest in the demanded premises; disclaimer as to the remaining two-ninths. Heard before a single justice without the intervention of a jury. Right of exceptions reserved. Judgment below for plaintiff.

The case turns upon the construction of a deed given by Sophie Daigle Martin to George Ringuette, from whom plaintiff derived his title.

The land in question was originally part of lot no. 129 in Madawaska and occupied as a farm by Thomas Daigle who died intestate, leaving a widow Sophie Daigle, and adult married daughter Albertine Long, a minor daughter Eva, and a minor son Ernest. Shortly after her father's death, Albertine Long conveyed her interest in the land to her mother who had been appointed guardian of the minor children.

On September 18, 1922, the title to the property stood as follows: Sophie Daigle owned five-ninths undivided interest therein; Ernest and Eva each owned two-ninths. Lot no. 129 had been subdivided into smaller parcels, among which were two lots numbered 3 and 5, the demanded premises. On that date, Sophie Daigle as guardian of Eva and Ernest applied to Probate Court for leave to sell the interest of her wards in these two lots, and license was issued specifically authorizing the sale of "a two-thirds of two-thirds undivided interest" therein.

Prior to November 12, 1923, Mrs. Daigle married Levite Martin, and on that date she executed the following deed: .

"KNOW ALL MEN BY THESE PRESENTS that I, Sophie Martin (Nee Guerette), wife of Levite Martin of Edmundston, Province of New Brunswick, Canada, formerly of Madawaska, in consideration of Eleven Hundred Dollars paid by George Ringuette of Edmundston, New Brunswick, Canada, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said George Ringuette, his heirs and assigns forever, the following described real estate situated in the town of Madawaska, in the county of Aroostook and State of Maine, to wit: Lots of land numbered three and numbered five which as per plan is taken off of lot number one hundred twenty-nine (129) and lying on the north easterly side of the Main road leading from Van Buren to Fort Kent, and being the corner lot and one adjoining to the same the grantee having on the seventeenth day of October 1922 obtained licence from the Hon. Nicholas Fes-

senden Judge of Probate within and for the county of Aroostook and State of Maine, to sell and convey at private sale the real estate above mentioned. Said grantee in this conveyance is acting as guardian of Eva Daigle and Ernest Daigle as record shows.

"To Have and to Hold the aforegranted and bargained premises, with all the privileges and appurtenances thereof, to the said Grantee, his heirs and assigns, to their use and behoof forever. And I do covenant with the said Grantee, his heirs and assigns, that I am lawfully seized in fee of the premises; that they are free of all incumbrances; that I have good right to sell and convey the same to the said Grantee, to hold as aforesaid, and that I and my heirs shall, and will, warrant and defend the same to the said Grantee, his heirs and assigns forever, against the lawful claims and demands of all persons.

"In Witness Whereof, I the said Grantor, Sophie Martin, and Levite Martin, husband of the said Grantor, in testimony of his relinquishment of the right to dower or title by descent in the above-described premises, for the consideration aforesaid have hereunto set our hands and seals, this twelfth day of November in the year of our Lord one thousand nine hundred and twenty-three.

Signed, Sealed and Delivered
      in presence of        Sophie Martin   (L.S.)
R. A. Daigle               his
wit. to mark L. M.        Levite X Martin  (L.S.)
                             mark"

The word "grantee" was twice used inadvertently in place of the word "grantor" in the above deed, but this is obviously an error of the scrivener and is of no moment in the consideration of the case.

The parties are sharply at issue as to the effect of this deed. They agree that the interest of the minor children was not conveyed by it, if for no other reason than because the license to the guardian was limited to making a sale within one year from the date of the issuance of the license, which was the third Tuesday of October, 1922.

Plaintiff contends, however, that it was effective as a conveyance of Mrs. Martin's five-ninths interest in the property, while defendants claim that, failing to acquire the interest of the minor children by this deed, Ringuette took nothing by it.

"It is the object of the law to uphold rather than to defeat conveyances." *Wing* v. *Burgis*, 13 Me., 111. "The law presumes that the grantor intended to convey something." *Jewett* v. *Whitney*, 51 Me., 244. It is the general rule that the intention of the parties, ascertained from the deed itself, if consistent with rules of law, prevails; and if intention is doubtful, regard may be had to circumstances attending the execution of the instrument.

There is no difficulty in ascertaining the intention of the parties in the instant case, and nothing to prevent giving them effect so far as they are consistent with legal rules.

The deed contained a covenant of warranty. It purported to convey lots no. 3 and no. 5 in their entirety. The conveyance was not limited to the fractional four-ninths which Mrs. Martin was undertaking to sell as guardian. It named Mrs. Martin, as an individual, not as guardian, as grantor and was executed by her in her individual capacity, her husband joining in the conveyance. When her guardianship account was settled, four-ninths of the money paid her by Ringuette on November12, 1923, was accounted for. The balance she treated as her own. No reasonable construction can be put upon the deed other than that under the guidance of an unskilled scrivener, Mrs. Martin was endeavoring to combine in one instrument a conveyance of her interest as an individual together with the interest of her wards. She failed to accomplish the latter purpose but was successful in effecting the former.

Ringuette acquired title to five-ninths undivided interest in the property by this deed. *Bartlett* v. *Bartlett*, 4 Allen, 440; *Perkins* v. *Richardson*, 11 Allen, 538; *Sumner* v. *Williams*, 8 Mass., 162. It was binding upon Mrs. Martin, her heirs and assigns, even though she had intended to convey only as guardian, for she had no power to bind the estate by a covenant of warranty. *Allen* v. *Sayward*, 5 Me., 230; *Davis* v. *French*, 20 Me., 21; *Chapman* v. *Crane*, 20 Me., 172.

On March 22, 1924, Ernest, having attained his majority, con-

veyed by warranty deed to his mother his interest in certain real estate, including the demanded premises. Under her covenant of warranty in the former deed, the title to this interest passed at once to Ringuette. *Powers* v. *Patten*, 71 Me., 583 ; *Bennett* v. *Davis*, 90 Me., 457. And by this deed and the acceptance of his share of the purchase money paid by Ringuette, Ernest ratified the transfer of his interest to his mother's grantee. *Tracy* v. *Roberts*, 88 Me., 310.

When it was discovered that the earliest deed did not carry the interest of the minor children, Mrs. Martin petitioned a second time for leave to sell the same, and, license having been issued, by guardian's deed in regular form conveyed to Ringuette the two-ninths interest belonging to Eva, this deed containing the following statement: "This deed is being given this day for the purpose of perfecting title to the same property, as deed given November 12, 1923 was after the expiration of the license granted by the Court of Probate in October 1922 for one year. Having obtained a new license to convey this real estate, I do not deem it necessary to put Doc. stamps on this Document as the former deed had the amount of same required, cancelled."

This last deed closed the circle and completed Ringuette's title. He had in the meantime taken possession of the property, erected thereon a brick and cement building in which were housed a theatre and store, leased the store to these defendants and occupied the premises, either personally or through his tenants, until 1931 when he sold the property to plaintiff.

Meantime Sophie Daigle Martin had died, and, after her death, Albertine Long and Ernest Daigle conveyed to Eva Daigle all of the property which they owned as heirs-at-law of Thomas Daigle or as residuary legatees under the will of Sophie Daigle Martin. Relying upon the theory that Mrs. Martin's deeds to Ringuette carried title only to two-ninths interest in lots no. 3 and no. 5 originally belonging to her minor daughter, Eva executed a quitclaim deed of lots no. 3 and no. 5 to the defendant Langlois ; and it is upon this deed that he bases his claim to ownership of seven-ninths undivided interest in the property in dispute. This contention is without merit.

Plaintiff's title is so clear that it is difficult to understand how or why any controversy arose concerning it.

*Exceptions overruled.*