ROSE D. PENIENSKICE *v.* SALLIE T. SHORT.

(*October* 5, 1937.)

RODNEY, J., sitting.

*Tunnell and Tunnell* for plaintiff.

*Houston Wilson* for defendant.

Superior Court for Sussex County, No. 28, June Term, 1937.

RODNEY, J., delivering the opinion of the Court:

It may readily be conceded that the word "heirs" was a necessary word at common law in a conveyance, *inter vivos,* between individuals in order to grant a fee

simple title. Statutes of most states have changed this rule and some slight consideration will later be given to the pertinent Delaware statute. This modification of the Common Rule is but an application of the almost universal modern rule that in the construction of deeds, like all other instruments, the real intention of the parties is to be sought and carried out unless such intention is in conflict with some fixed canon of construction, settled rule of property, or is repugnant to the terms of the grant. 8 *R. C. L.* 1037.

It has been said that the estate intended to be conveyed is the main thing and the conveyance is the instrument by which the transfer is effected (*McWilliams v. Nisly*, 2 *Serg. & R.* [*Pa.*] 507, 7 *Am. Dec.* 654), and where the intention of the grantor clearly appears from the face of the deed effect must be given thereto, however unusual the form of the deed unless the repugnancy is such that the intention cannot be carried out.

In the construction of the deed, presently involved, there are three aspects in which it should be considered (1) as conveying no estate whatever and being an entire nullity (2) as conveying merely a life estate in William J. Mustard and (3) as conveying a fee simple interest notwithstanding the lack of appropriate words of inheritance.

(1) Every deed, otherwise valid, will be considered to have intended to convey some estate of some nature (*Pelletier v. Langlois*, 130 *Me.* 486, 157 *A.* 577) and since all proceedings are recited and admitted to have been regular it is difficult to see how the deed could be so construed as to show an intent to convey no interest whatever.

The (2) and (3) aspects of the deed are closely connected and will be considered together. Counsel for the plaintiff argues that a conveyance to "A, his successors and assigns" was a recognized method of conveying a life estate at common law and that the present deed should be con-

strued as evidencing a like intention. I do not so under-
stand the authorities. At common law the word "heirs" was
necessary to carry a fee simple and with this word "heirs"
absent the estate was construed as a life estate because that
was the largest estate that could be granted without proper
words of inheritance. A deed at common law to "A, his
successors and assigns" conveyed merely a life estate not
because that was a recognized method of such conveyances
but the life estate was the largest estate that could be vested
in the absence of the word "heirs."

It has been determined in Delaware (*Betts v.
Dick*, 1 *Penn.* 268, 40 *A.* 185) that a purchaser of land
at a tax sale does not take title from the confirmation of
the sale by the Court, but does take title from the deed
made pursuant to the statute. This, then, brings me to a
consideration of the statute (*Vol.* 28, *Chap.* 82, *p.* 227, as
amended; *Rev. Code* 1935, §§ 1429-1460) under which these
proceedings were had and the deed made. The statute ex-
pressly states (*Rev. Code* 1935, § 1445) "the Receiver of
Taxes and County Treasurer making the sale shall make a
deed to the purchaser which shall convey the title of the
taxable." This does not mean that any deed made by the
Collector shall be construed to pass the title of the taxable,
but rather that a proper deed from the Collector shall pass
such title. The deed from the Collector is necessary to vest
the title in the purchaser but no estate was in the Collector
and he is merely the conduit, named by the Legislature,
through whom the title passes to the purchaser. The Legis-
lature could have named some other agency to convey such
title.

We have seen that the intent of the parties is to
be sought and, if possible, given effect. I am of the opinion
that the Collector could formulate no legal intent contrary
to the express language of the statute that the deed "shall
convey the title of the taxable." He could never have in-

tended to grant a life estate by the deed when the taxable actually had a fee simple estate as is here conceded.

That the Collector did not intend to grant a life estate in the premises may be affirmatively gathered from the fact that in his deed he not only recited the statute making it obligatory for him to convey the title of the taxable, but also in the deed he used the following language indicative of his compliance with the statute. The deed conveyed to "William J. Mustard, its successors and assigns forever, all the right, title and claim whatsoever in law and equity of the said Caroline Wedderburn Gates to" the premises in question.

In 1 *Thompson on Real Property,* § 671, it is said:

. " A sale by an officer of the law, under an order of Court may operate to pass an estate in fee without the use of the word 'heirs'; as where a Sheriff on an execution sale of real estate owned by the judgment debtor in fee executes to the purchaser at such sale a deed of 'all the estate, title and interest' which the judgment debtor had in such land, the deed passes the fee in the land though the word 'heirs' is omitted. The Sheriff had no authority to sell less than the debtor's entire estate which was an estate in fee."

See, also, *Carolina Sav. Bank v. McMahon,* 37 *S. C.* 309, 16 *S. E.* 31.

I am not unmindful of the case of *In re Petition of Deputy,* 1 *Penn.* 107, 39 *A.* 790. In that case the deed of the Sheriff conveyed the property to the purchaser but omitted the words "his heirs and assigns." The deed of the Sheriff had been made some 59 years before the filing of the petition which asked that the then Sheriff make a new deed, pursuant to a statute. The only matter presented by the petition and before the Court was the authorization of a new deed. This the Court ordered, and, I think, properly ordered, and in so doing used some language pertinent to the present case. No question of authorization of a new deed is before me but the sole question as I see it is whether the deed under discussion is sufficient or is a nullity.

The statute required that the deed of the Collector should convey the title of the taxable and the deed in fact did, in *ipsissimis verbis,* grant all the "right, title and claim whatsoever in law and equity" of the taxable. The taxable, concededly, had a fee simple title. This fee simple title then passed to the purchaser by the deed and the Collector could not limit the extent of the title. In view of the langauge of the act and of the deed I cannot conclude that the deed is a nullity.

I am of the opinion that the deed of John S. Isaacs, the Collector, conveyed to William J. Mustard a fee simple title to the property, notwithstanding the omission of the word "heirs" from such deed, it having been conceded that the taxable whose property was sold had a fee simple title therein. It is quite arguable that the word "heirs" in a deed like the present is not only not necessary but not desirable. The word "heirs" could properly have been included in the present deed because the taxable had a fee simple interest, but if the taxable had less than a fee simple interest then all that would be sold would be that lesser interest, and the Collector could not sell or convey a fee simple interest, and the inclusion of the word "heirs" in such deed would be misleading. The Collector can not be expected to examine the title of every taxable to ascertain the extent of his interest.

Strengthening inferences as to the correctness of the conclusion that the word "heirs" is not necessary in a deed of a Collector of Taxes under the statute now considered may be drawn from the fact that since 1923 the word "heirs" has not been necessary in Delaware in a deed between individuals to grant a fee simple title. By *Vol.* 33, *p.* 604, *c.* 207 (*Rev. Code* 1935, § 3659) a short form of deed was set out which did not include any words of inheritance and it was provided

" A deed in the above form, duly executed and acknowledged, unless otherwise restricted or limited, or a contrary intention appear therein, shall be construed to pass and convey to the grantee therein and to his heirs and assigns the fee simple title or other the whole estate or interest which the grantor could lawfully convey in and to, the property therein described."

Under this act the intent of the grantor using the statutory form is to be given effect and in the absence of a contrary showing he will be presumed to have intended to grant the largest estate or interest that he could grant.

Pursuant to the agreed statement of facts, judgment will be entered for the defendant.