RONALDE J. BROWN
*vs.*
MARK T. MCCAFFREY, ET AL.

Kennebec. Opinion, July 13, 1948.

*McLean, Southard & Hunt,* for plaintiff.

*Goodspeed & Goodspeed,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, A. R. J.

MURRAY, A. R. J. This is a plea of land. It was heard by a referee, who dismissed it and entered judgment for the defendant. Objections were filed to the acceptance of the report and, on its being accepted, exceptions were allowed.

The dispute between the parties is as to the line dividing their lots, the plaintiff being the owner of the west lot, No. 28, and the defendant the east lot, No. 26.

In the year 1855 a plot of land composed of both these lots was owned by Ephraim Ballard who, February 15, 1855, conveyed to the defendant's predecessors in title the east lot No. 26. The material portion of the description in that deed follows:

> "Being all that part of lot * * * which lies easterly of a straight line drawn from the south line of Winthrop Street southerly by the west end of the main body of the house on the lot hereby conveyed, keeping and preserving the distance of fifteen (15) feet westerly therefrom, and continuing this course across the lot * * * together with a right to a passageway out by the north side of the Baptist Meeting House, which passage shall be limited on the southerly side, by a line drawn from the northwest corner of the main body of the house hereby conveyed * * * my stable is to remain where it now stands until it is either removed, taken down, or destroyed, without charge."

The plaintiff took a number of exceptions, all of which he did not press in argument. We have considered all which he pressed.

Exception 1. That the referee erred in failing to interpret the phrase in the deed: "keeping and preserving the distance of fifteen (15) feet westerly therefrom" and in not determining "whether fifteen (15) feet from the main body of the house" means fifteen (15) feet perpendicular from said main body, or fifteen (15) feet due west therefrom.

The plaintiff contends that it means fifteen (15) feet due west, which would bring the dividing line nearer the house than would fifteen (15) feet perpendicular, which is the contention of the defendant.

The following rough plans might make the above explanation more clear:

"It is the general rule that the intention of the parties, ascertained from the deed itself, if consistent with the rules of law, prevails." *Pelletier* v. *Langlois, et al.*, 130 Me. 486, 490; 157 Atl. 577.

The referee found that the west line of the McCaffrey lot was established by the deed given in 1855, recorded in Vol. 197, Page 119, Ballard to Sawyer and Bangs, and that

line has not since been changed. The evidence justified him in so finding, and the further finding that that line on the face of the earth to be the one now relied upon by the defendant.

The evidence discloses that the parties to the above deed gave three monuments,—the south line of Winthrop Street, the west end of the main body of the house on the lot conveyed, and Court Avenue. They also gave courses from the monuments,—southerly from the south side of Winthrop Street to Court Avenue, westerly from the main body of the house.

It is plain that no matter whether Winthrop Street runs due east and west, or in a generally easterly and westerly direction, that the parties, for the purposes of the deed, considered it to be running east and west, because they referred to its south line.

Next, almost without lifting the pen from the deed, they wrote of a line, the fifteen foot line, running westerly from the main body of the house to the northerly and southerly line running from Winthrop Street. They must have meant this westerly line to be the same *westerly* as Winthrop Street, in other words, to run parallel with Winthrop Street. It thus would meet at right angles the line running from Winthrop Street, as the defendant contends.

"In the matter of identifying descriptions in deeds, the words southerly and westerly are not always used to indicate a direction that is due south or west." *Cilley* v. *Limerock R. R.*, 107 Me. 117; 77 Atl. 776.

The referee had the right to, and did, construe the deed to find out what the parties to it meant.

Exception 2. That if the finding of the referee was that the word westerly in the deed was not to be literally followed, it was error.

We have already answered that it is not error.

Exception 3. The referee erred as a matter of law in not recognizing the Longfellow-Pinnette agreement as fixing the disputed line.

One Longfellow, who was in possession of the McCaffrey lot under a bond for a deed from Frances Martin, without the knowledge of or authority from Martin, made an agreement with Ivy Pinnette who was then the owner of the Brown Lot. Martin later conveyed not to Longfellow, but to McCaffrey. The referee should not recognize this agreement. The evidence shows that neither Martin nor McCaffrey were parties to it and that neither had knowledge of it. McCaffrey does not hold under Longfellow.

Exception 4. The referee erred in excluding evidence of Longfellow's equity in the bond for a deed.

At the hearing, the following took place:

Q. What was the financial transaction when you were given that bond?

A. I purchased —

Objection.

McLean: The purpose is to show he has substantial interest in the property.

Court: Have you any objections?

Goodspeed: Yes. I feel it is immaterial.

Court: If you object, I will exclude it.

Exceptions.

McLean: The purpose of offering it, later on there was apparently an agreement made by Mr. Longfellow with the adjoining owner. We wish to bring out the facts. He did have a substantial equity.

Court: The amount involved isn't material, I think the bond for a deed shows he has an interest in it.

This ruling was correct. The plaintiff does not show himself to be aggrieved. All of the facts, if brought out,

might show that he did have a financial interest, but, that interest might be between himself and Martin. The bond for a deed is in evidence and shows that it was not recorded, so it would not affect McCaffrey. The plaintiff should have told the referee what the facts he was about to offer would prove. "The Court is entitled to know * * * before exclusion, all the grounds of admissibility. That he may rule advisedly." *Booth Brothers & Hurricane Island Granite Company* v. *Smith,* 115 Me. 89, 93; 97 Atl. 826.

Exception 5. To the exclusion of evidence that one Mr. Bradbury pointed out the lines to Longfellow before Longfellow took the bond for a deed.

This ruling was correct. Longfellow testified that Bradbury was an agent of Mr. Donald Foster and he believed that Foster had the property for sale. Belief that he was an agent is not enough. Even if Foster was the agent of Mrs. Martin, Foster could not in turn delegate agency to Bradbury. See C. J., Vol. 81, page 471, and cases there cited in note 92.

Exception 8. As we understand this exception, it is that the eaves of the Brown house extend east over the line of the disclaimed land, and are, of course, east of the line in dispute, and the plaintiff says that the referee erred in not allowing the land under the eaves to the plaintiff, who must have gained it by estoppel and adverse possession. To this we answer,—this is a matter of fact; the referee found for the defendant; there was evidence to sustain it.

Factual decisions made by triers of fact will not be disturbed in appellate proceedings, if supported by credible evidence. *Alpert* v. *Alpert,* 142 Me. 260; 49 Atl. (2nd) page 911.

Exceptions 13 and 15. Both of these exceptions were to findings of fact by the referee, and have been answered in the answer to Exception 8.

*Exceptions overruled.*